

```
                                                      FILED
              POSTED ON WEBSITE                     JUN - 6 2011
              NOT FOR PUBLICATION
                                              UNITED STATES BANKRUPTCY COURT
                                              EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

MODESTO DIVISION

| | |
|---|---|
| In re<br><br>WALTER RALPH PINEDA,<br><br>        Debtor.<br>_____ | Case No. 10-91936-E-7 |
| WALTER RALPH PINEDA,<br><br>        Plaintiff,<br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>        Defendants.<br>_____ | Adv. Pro. No. 10-9060<br>Docket Control No. WRP-007 |

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.

### MEMORANDUM OPINION AND DECISION
[Motion to Reopen Pursuant to Local Rule 5010-1(a)]

    Walter R. Pineda, the plaintiff, filed an *ex parte* motion to reopen an unidentified proceeding in this adversary action. The motion and supporting pleadings were served on counsel for the Defendant, but the matter was not set for hearing pursuant to Local Bankruptcy Rule 9014-1.

    In the *ex parte* motion, the Plaintiff-Debtor alleges that

newly discovered evidence has been obtained concerning the status of Wells Fargo Bank as Trustee of the GSR039 Trust. One of the issues that the Plaintiff-Debtor states he intends to assert through the adversary proceeding is an issue of ownership of the promissory note which is secured by the deed of trust against his property.

The court presently has under submission and is issuing a ruling on the Plaintiff-Debtor's motion for issuance of preliminary injunction and the Defendants' motion to dismiss the adversary proceeding. Those proceedings shall not be reopened and the court shall issue its rulings and orders thereon.

Federal Rule of Bankruptcy Procedure 5010 cited by the Plaintiff-Debtor is a procedural rule concerning the reopening of a bankruptcy case, not an adversary proceeding. No ruling and order having been issued on the two pending motions, the provisions of Federal Rules of Civil Procedure 60(b) and Federal Rules of Bankruptcy Procedure 9024 do not yet come into play. To the extent that the request is being made for the court to "reopen" the closed evidentiary hearings on the two motions, that request is denied. No basis has been shown in the motion and supporting pleadings for such relief.

A review of the Plaintiff-Debtor's declaration in support of the motion to reopen makes statements concerning evidence regarding the ownership of the note secured by the deed of trust against the Debtor's property, whether disclosures were required to be made by counsel for the Defendants, the Plaintiff-Debtor's investigation of the records in the Tuolumne County Recorder's office, allegations of a "fabricated bogus assignment," and the Plaintiff-Debtor's

opinion as to the ultimate ownership issue of the note. The court also notes that in the early stages of this adversary proceeding, no discovery has been conducted and the requested relief is not brought pursuant to a failure of the Defendants to comply with any proper discovery request.

The motion to reopen is denied.

The court shall issue a separate order consistent with this ruling.

Dated: June 6 , 2011

RONALD H. SARGIS, Judge
United States Bankruptcy Court

3

This document does not constitute a certificate of service. The parties listed below will be served a separate copy of the attached document(s).

---

Walter Pineda
22550 Bennett Rd
Sonora, CA 95370

Tracy Talbot
2 Embarcadero Center #1410
San Francisco, CA 94111

Wayne Rash
1231 E Dyer Rd #100
Santa Ana, CA 92705

Gary Farrar
PO Box 576097
Modesto, CA 95357

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street , Room 7-500
Sacramento, CA 95814