

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### MODESTO DIVISION

| | |
|---|---|
| In re | ) Case No. 10-91936-E-7 |
| | ) |
| WALTER RALPH PINEDA, | ) |
| | ) |
| Debtor(s). | ) |
| ——————————————————— | ) |
| | ) |
| WALTER RALPH PINEDA, | ) Adv. Pro. No. 10-9060 |
| | ) Docket Control No. TMT-3 |
| Plaintiff(s), | ) |
| v. | ) |
| | ) |
| BANK OF AMERICA, N.A., et | ) |
| al., | ) |
| | ) |
| Defendant(s). | ) |
| ——————————————————— | ) |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM OPINION AND DECISION

The court has been presented with the Motion to Dismiss the Second Amended Complaint. Walter Pineda, the Plaintiff and Chapter 7 debtor (Plaintiff-Debtor) alleges that jurisdiction exists for this proceeding in federal court pursuant to 28 U.S.C. §§ 1334 and 157, and that this is a core proceeding pursuant to 28 U.S.C. § 157. No answer has been filed to this Complaint.

1 │ Defendants Bank of America Corp, L.P., Bank of American, N.A.
2 │ ("BOA"), ReconTrust Company, N.A. ("ReconTrust"), Bank of New York
3 │ Mellon, N.A., Inc. ("BNY"), Goldman Sachs, Inc. ("GS"), Goldman
4 │ Sachs Mortgage Securities Corp. ("GSMSC"), and GSR Mortgage Loan
5 │ Trust 2003-9 ("GSR Trust"), collectively "Defendants," filed a
6 │ motion to dismiss the Second Amended Complaint for failure to state
7 │ a claim pursuant to Rule 12(b), Federal Rules of Civil Procedure,
8 │ and Rule 7012, Federal Rules of Bankruptcy Procedure.   Proper
9 │ notice has been provided for this motion.   The Proof of Service
10 │ states that the Motion and supporting pleadings were served on
11 │ Plaintiff on September 26, 2011.   By the court's calculation,
12 │ 37 days' notice was provided.   Twenty-eight days' notice is
13 │ required.

14 │ **Motion to Dismiss the Second Amended Complaint**

15 │     In response to the Second Amended Complaint in this Adversary
16 │ Proceeding, Defendants filed a second motion to dismiss for failure
17 │ to state a claim pursuant to Rule 12(b), Federal Rules of Civil
18 │ Procedure, and Rule 7012, Federal Rules of Bankruptcy Procedure.
19 │ Defendants argue that:

20 │    (1)  Jurisdiction is not proper in this Court, citing to the
21 │         court's ruling on the prior motion to dismiss, Dckt. 141,
             p. 31-32, that if the Plaintiff elected to file a second
22 │         amended complaint to address why the court should not
             abstain from allowing the state law and federal law
23 │         non-bankruptcy cases to be litigated in this bankruptcy
             court.

24 │    (2)  Plaintiff's primary argument, which relies on the premise
             that the transfer or sale of the Note deprives Defendants
25 │         of any interest in the Note and Deed of Trust, fails as
             a matter of law.
26 │
       (3)  Plaintiff has not credibly alleged tender.
27 │
       (4)  Plaintiff fails to state a claim for foreclosure fraud.
28 │

2

   (5)   Plaintiff's claim for rescission fails because rescission is not a cause of action, but a remedy, and Plaintiff has not tendered the amount owed on the loan.

   (6)   Plaintiff's claim for wrongful foreclosure fails because Defendants fully and lawfully complied with the non-judicial foreclosure process and the claim is premature as the property has not be foreclosed on.

   (7)   Plaintiff's claim for declaratory relief fails because Plaintiff alleges no new allegations, but instead raises identical issues already raised in other claims.

Because the court finds that the amended complaint fails to state a cognizable claim as currently drafted, the Court's decision is to grant the motion to dismiss as to all claims against all Defendants, without prejudice and without leave to amend.

Additionally, as addressed in detail in the Memorandum Opinion and Decision granting the Defendants' prior motion to dismiss, this litigation has no bearing on the administration of the Debtor's Chapter 7 bankruptcy estate.  There is no reorganization being attempted by the Debtor.  Rather, it appears that the only reason this matter is pending in this court is to use the automatic stay as to the estate in lieu of obtaining a preliminary injunction in state court or the district court, to the extent that non-bankruptcy federal jurisdiction exists.[1]

### FACTS AS ALLEGED BY PLAINTIFF

In the Plaintiff's second amended complaint, the Plaintiff alleges that he owns real property commonly known as 22550 Bennett Road, Sonora, California, (the "Property") and that BOA is attempting to foreclose on this property illegally.  ReconTrust is

---

[1]/ The Debtor having obtained his discharge on September 7, 2010, the automatic stay has been terminated as to the Plaintiff-Debtor by operation of law.  EDC Case No. 10-91936, Dckt. 31, 11 U.S.C. § 362(c)(2)(C).

3

1  alleged to be a subsidiary of BOA and is acting as the trustee
2  under the deed of trust recorded against the property.    The
3  Plaintiff further alleges that BNY is a trustee for the GSR Trust,
4  and GS is an investment banker who sold certificates for GSR Trust.
5  Also, Plaintiff now alleges that USB is involved and may be the
6  true holder of the note.

7      The dispute begins with a loan obtained by the Plaintiff in
8  the amount of $473,000.00, which is documented by a promissory note
9  ("Note") and a deed of trust ("Deed of Trust") recorded against the
10  Property for a loan obtained from BOA.  The Deed of Trust names BOA
11  as  the  lender  and  beneficiary,  and  nominates  PRLAP,  Inc.  as
12  Trustee.    A Substitution of Trustee and Assignment of Deed of
13  Trust, in which BOA substituted ReconTrust as trustee under the
14  Deed of Trust was recorded February 9, 2010.  The Plaintiff alleges
15  that BOA attempted to foreclose on the Property due to an alleged
16  default on the Note.    The Plaintiff obtained the loan for the
17  purchase  and  improvement  of  his  residence  and  for  a  second
18  residence on the Property.

19      Plaintiff then suffered from a serious illness which required
20  extensive  hospitalization.    This  medical  condition  prevented
21  Plaintiff from meeting his financial obligations, and he requested
22  a  loan  modification  from  BOA.    This  request  for  a  home  loan
23  modification was through the Home Affordability Program ("HAMP").
24  After one year without hearing about the application, Plaintiff.
25  filed  a  complaint  to  the  Comptroller  of  the  Currency.    The
26  particular facts surrounding that application are still in dispute.

27      Following Plaintiff's alleged default under the terms of the
28  loan, ReconTrust, acting as agent for the Beneficiary under the

4


(8)  Defendant BOA fraudulently instructed Defendant ReconTrust to file a Notice of Default, knowing it was not the payee of Plaintiff's Note and Deed of Trust.

(9)  Defendant BOA instructed T. Sevillano, a low level clerk, to prepare and execute an assignment of deed of trust, note, and substitution of trustee, knowing it did not have the right to enforce the note, and which was defectively notarized by Janet Koch.

(10) Defendant BOA failed to comply with its obligations as sub-servicer that resulted in Plaintiff's reliance that his home modification applications were in the process of evaluation that could result in complete forbearance as reported in the financial news and media.

(11) Defendant BOA obtained the services of DocX Inc. to fabricate the assignment of deed of trust, note and substitution of trustee, and then instructed low level clerk T. Sevillano to execute them.

(12) Defendant BOA, through its spokesperson, admitted to "robo signers" who executed documents without knowledge of their contents.

(13) Defendant failed in correcting Plaintiff's victimization by "robo signer" T. Sevillano which subjected Plaintiff to imminent foreclosure and eviction.

(14) Defendant BOA then instructed Defendant ReconTrust to record the fabricated documentation with the Tuolumne County Recorder after it was defectively notarized.

(15) The submission of fraudulent documents to the court and county recorders violate both State and Federal civil and criminal codes.

(16) Defendant BOA's violation of the notice requirement of California Civil Code § 2934(b)(4) constitutes wrongful foreclosure for lack of notice and two trustees for one deed of trust.

(17) The fraudulent foreclosure attempt by Defendant BOA and Defendant ReconTrust constitutes bad faith and unclean hands conduct that precludes relief of imposing tender prior to contesting the lack of prudential standing to foreclose.

(18) Defendants GS and GSSC's filing of form 15D with the Securities and Exchange Commission notifying all parties of its termination of registration and suspension of its duty to file reports, prohibits the collection, sale, or transfer of certificates during the suspension period; this includes foreclosure proceedings related to the securities mortgage loan certificates.

(19) Defendant GS's purchase of sub-prime loans that were predicted by Defendant GS to default within two to five years was part of Defendants' deceptive business practice.

(20) Defendant BOA's inducement to accept the credit funds of the loan believing the funds were provided by Defendant BOA created an illusory contract that did not identify the proper parties, terms and conditions, obligations of all the parties involved, constitutes absence of mutual assent, giving rise to Plaintiff's claim of rescission.

(21) Defendants have not only violated the consumer protection laws including Unlawful Competition Law Bus. Professional Code § 17200 by its deceptive business practice that has resulted in the loss of Plaintiff's property value, but has also caused Plaintiff emotional distress.

(22) The alleged note failure to disclose the parties involved and their contractual obligations, the credit to "Tranche" accounts from Plaintiff's monthly payments, and the substantial difference in amounts owned by Plaintiff as reflected in the notice of default and monthly statements are proof of no mutual assent by Plaintiff and violation of accounting disclosure requirements under RESPA.

Plaintiff prays for an Order for evidentiary hearing for determination of the rights and obligations of the parties through a declaratory judgment, finding of foreclosure fraud that gives rise to punitive damages, finding of wrongful foreclose, finding of rescission of contract for absence of consideration and no mutual assent, declaration that the adjustable rate note executed by Plaintiff as an unsecured note subject to 11 U.S.C. § 506 et seq., punitive damages, finding Defendants' actions constitute a material breach of contract and violate RESPA, UCL Cal. Bus. Prof. Code 17200, and other just relief, including the issuance of a preliminary injunction during the evidentiary hearing proceedings.

### FEDERAL COURT JURISDICTION AND ENTRY OF ORDER BY BANKRUPTCY COURT

Jurisdiction for this matter arises under 28 U.S.C. § 1334(b)

7

1 which provides for original but not exclusive federal court
2 jurisdiction for all civil proceedings arising under Title 11 (the
3 Bankruptcy Code), or arising in or related to cases under Title 11.
4 Federal court jurisdiction is exclusive for all property, wherever
5 located, of a debtor as of the commencement of the case and of
6 property of the estate. 28 U.S.C. § 1334(e)(1). The United States
7 District Court for the Eastern District of California has referred
8 to this bankruptcy court all matters arising under, arising in or
9 related to Title 11 as authorized in 28 U.S.C. § 157(a). This
10 bankruptcy court may thereon enter final judgments and orders on
11 all cases under Title 11, core proceedings arising under Title 11
12 or arising in a case under Title 11, and non-core proceedings to
13 which the parties have consented, with all such rulings being
14 subject to appellate review. 28 U.S.C. § 157(b)(1)(2), and (C)(2).

15      This court is authorized to consider whether, in the interests
16 of justice or comity with state courts, from abstaining to hearing
17 a proceeding related to a case under Title 11. 28 U.S.C.
18 § 1334(c)(1). Abstention may be raised by the court *sua sponte* or
19 on motion of a party. *Smith v. Wall Mart Stores*, 305 F.Supp.2d 652
20 (SD MISS 2003). The Plaintiff's Chapter 7 bankruptcy case was
21 filed on May 20, 2010. The Chapter 7 Trustee filed a Report of No
22 Distribution on August 21, 2010. Dckt. 28. On September 7, 2010,
23 the Plaintiff obtained his discharge. The discharge terminated the
24 automatic stay as to the Plaintiff and property of the Plaintiff,
25 but not property of the bankruptcy estate. 11 U.S.C. § 362(c) (2)
26 (C). It was not until almost three months after the discharge was
27 entered that the Plaintiff amended his Schedule B to list the
28 claims in this lawsuit as an asset and claim them as exempt.

8

Dckt. 33.    On July 18, 2011, Chapter 7 Trustee, Gary Farrar, entered into a Stipulation to Abandon with Plaintiff, authorizing him to prosecute and abandon the claims alleged in the adversary proceedings to the Debtor.    Dckt. 163, filed in the Adversary Proceeding and not the Chapter 7 bankruptcy case or noticed to creditors.

The Plaintiff has chosen to proceed in a Chapter 7 case and immediately discharge his debts, rather than consummate a plan of reorganization and make provisions for some payments to creditors. Thus, this litigation has no bearing on the treatment of creditors, payment of claims, or administration of property of the bankruptcy estate.    There appears to be no connection or reason for this adversary proceeding to be before this court other than it is a remnant of the completed Chapter 7 proceeding.    No Bankruptcy Code issues appear to remain in this case, nor any assets to be administered by the trustee or the Plaintiff through any plan.

Furthermore, Defendants dispute Plaintiff's assertion that this adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b).    The adversary proceeding here seeks to determine the validity of the note and deed of trust.

Among the types of proceedings Congress has denoted as "core," are "determinations of the validity, extent, or priority of liens." 28 U.S.C. § 157(b)(2)(K).    Core proceedings, by definition, are matters that arise in or under Title 11. *Stern v. Marshall*, 564 U.S. ___, 131 S. Ct. 2594, 2605, 180 L. Ed. 2d 475, 490 (2011). This court, therefore, may enter final orders subject to review pursuant to 28 U.S.C. § 158. *See* 28 U.S.C. § 157(b)(1).    Arguably, the validity of the deed of trust, which creates the secured claim,

9

1   is an issue that would plainly be resolved in the claims allowance
2   process. However, no assets of the estate are being administered
3   for distribution to creditors.

4       The Adversary Proceeding is at a minimum a "related
5   proceeding" and could be a core proceeding relating to the
6   administration of the bankruptcy estate assets. However, given
7   that the Adversary Proceeding is not being prosecuted by the
8   Trustee as part of the administration of the estate, but by the
9   Debtor to recover for himself personally, the court proceeds with
10  this as a related to proceeding.

11      This bankruptcy court may conduct a related to proceeding
12  pursuant to 28 U.S.C. § 157(c)(1) or (2). The Defendants have
13  filed the present motion to dismiss, requesting that this
14  bankruptcy court dismiss the adversary proceeding. The Motion does
15  not assert that proposed findings of fact and conclusions of law
16  are to be submitted by this court to the district court, but that
17  "this (bankruptcy) court grant the Motion and dismiss all claims
18  asserted against Defendants with prejudice." Motion to Dismiss,
19  p.3:1-2, Dckt. 173.[2]

20      The Plaintiff having affirmatively requested relief from this
21  bankruptcy court, rather than filing the Second Amended Complaint
22  in the state court or district court, and the Defendants having
23  affirmatively requested relief from this bankruptcy court on this
24  Motion to Dismiss, and not asserting that proposed findings of fact
25  and conclusions of law are to be submitted to the district court,
26  the bankruptcy court shall issue the order on this Motion to

28  [2]/ The Plaintiff-Debtor erroneously stated at the hearing
    that the Defendants had not submitted the present motion for a
    ruling by the judge of the bankruptcy court.

10

1 | Dismiss the Adversary Proceeding.

2 |                                **ANALYSIS**

3 |     In considering a motion to dismiss, the court starts with the
4 | basic premise that the law favors disputes being decided on their
5 | merits, and a complaint should not be dismissed unless it appears
6 | beyond doubt that the plaintiff can prove no set of facts in
7 | support of his claim which would entitle him to the relief.
8 | *Williams v. Gorton*, 529 F.2d 668, 672 (9th Cir. 1976). Any doubt
9 | with respect to whether a motion to dismiss is to be granted should
10 | be resolved in favor of the pleader. *Pond v. General Electric*
11 | *Company*, 256 F.2d 824, 826-827 (9th Cir. 1958). For purposes of
12 | determining the propriety of a dismissal before trial, allegations
13 | in the complaint are taken as true. *Kossick v. United Fruit Co.*,
14 | 365 U.S. 731, 731 (1961).

15 |     The complaint must provide more than labels and conclusions,
16 | or a formulaic recitation of a cause of action; it must plead
17 | factual allegations sufficient to raise more than a speculative
18 | right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555
19 | (2007). Federal Rule of Civil Procedure 8, made applicable to this
20 | adversary proceeding by Federal Rule of Bankruptcy Procedure 7008,
21 | requires that complaints contain a short, plain statement of the
22 | claim showing entitlement to relief and a demand for the relief
23 | requested. Fed. R. Civ. P. 8(a). As the Court held in *Bell*
24 | *Atlantic*, the pleading standard under Rule 8 does not require
25 | "detailed factual allegations," but it does demand more than an
26 | unadorned accusation or conclusion of a cause of action. *Bell*
27 | *Atlantic*, 550 U.S. at 555.

28 |     To survive a motion to dismiss, a complaint must contain

11

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) (citations and quotation marks omitted). Rule 8 also requires that allegations be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

In ruling on a 12(b)(6) motion to dismiss, the Court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The court need not accept unreasonable inferences or conclusory deductions of fact cast in the form of factual allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor is the court required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

## A. Declaratory Relief

Declaratory relief is an equitable remedy distinctive in that it allows adjudication of rights and obligations on disputes regardless of whether claims for damages or injunction have arisen. "In effect, it brings to the present a litigable controversy, which otherwise might only be tried in the future." *Societe de Conditionnement v. Hunter Eng. Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981). The party seeking declaratory relief must show (1) an

1   actual controversy and (2) a matter within federal court subject
2   matter jurisdiction. *Calderon v. Ashmus*, 523 U.S. 740, 744 (1998).
3   There is an implicit requirement that the actual controversy relate
4   to a claim upon which relief can be granted. *Earnest v. Lowentritt*,
5   690 F.2d 1198, 1203 (5th Cir. 1982). The court may only grant
6   declaratory relief where there is an actual controversy within its
7   jurisdiction. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th
8   Cir. 1994). The controversy must be definite and concrete. *Aetna
9   Life Ins. Co. v. Haworth*, 300 U.S. 2271 240-41 (1937).

10      Plaintiff includes a number of different allegations and
11  requests in the declaratory relief.  Essentially, the Plaintiff
12  seeks a determination of which party actually holds the note and
13  that the obligation owing on the note is dischargeable in this
14  bankruptcy case. Further, Plaintiff asks that the lien held by GRS
15  Trust is determined to be void and unenforceable.  Additionally,
16  the Plaintiff requests monetary damages, special damages, and
17  punitive damages.  Plaintiff requests a determination that the
18  substitution of trustee and notice of default were invalid.

19      The Court cannot determine which Defendants, if any, are
20  actually asserting interest in the note and deed of trust and which
21  are persons that the Plaintiff is asserting may claim an interest
22  in the note of the deed of trust.  Plaintiff maintains that the
23  purported transfer of the Note to GSR Trust was invalid and BOA did
24  not have the authority to file a Notice of Default on Plaintiff's
25  property, as they did not have an interest in the note.  This
26  echoes the argument submitted to the court in the FAC.  If the note
27  was transferred to GSR Trust, as the documentation submitted to the
28  court provides, the note, then GSR Trust has the beneficial

13

interest in the deed of trust.  GSR Trust can elect to act through agents, such as a loan servicer, to take actions such as foreclosures.  *See, Baisa v. Indymac Fed. Bank*, No CIV-09-1464 WBS JMR, 2009 WL 3756682, *3 (E.D. Cal. Nov. 6, 2009) (MERS had the right to assign its beneficial interest to a third party); *Weingartner v. Chase Home Finance, LLC*, 7202 F. Supp. 2d 1276, 1280 (D. Nev. 2010) (Courts often hold that MERS does not have standing as a beneficiary because it is not one, regardless of what a deed of trust says, but that it does have standing as an agent of the beneficiary where it is the nominee of the lender [who is the "true" beneficiary].)

The Declaratory Relief Cause of Action does not reflect how it impacts the bankruptcy case.  Rather, the Plaintiff seeks to address non-bankruptcy issues, attempting to invoke federal jurisdiction and the power of this court through his Chapter 7 liquidation.  While the Plaintiff discusses confusion over the parties, there is no allegation that there is a dispute between the various parties as to the right to enforce the Note.  While the Plaintiff asserts that there are issues of prudential standing, no one other than the Plaintiff has sought to assert any rights in connection with the bankruptcy case.  As stated by the Plaintiff in the First Cause of Action, the dispute is over whether BOA can proceed with a nonjudicial foreclosure which occurs outside of this bankruptcy case, and which the court notes does not impact the administration of this estate.

Again, as with the FAC, the Plaintiff fails to state a plausible claim that BOA has no right to enforce the Deed of Trust which secures the Note.  The possibility that the monies owed on

14

1  the Note to be paid for by the collateral may go to the principal
2  of the Bank (GSR Trust) does not preclude BOA from fulfilling
3  obligations as the servicer.  Thus, this claim is dismissed without
4  prejudice and without leave to amend.

**B. Foreclosure Fraud**

Plaintiff asserts a number of actions by Defendants that
constituted fraud including, failing to provide accounting, failing
to disclose the relevant parties on the note, recording the deed of
trust, note and substitution of Trustee knowing they were not the
holders of the note.  Essentially, Plaintiff's fraud argument is
that Defendant BOA knew assigning the property documents was a
misrepresentation, intended to induce Plaintiff into believing that
BOA was the beneficiary, which he relied on to make payments to GSR
Trust.

The Ninth Circuit Court of Appeals interprets Federal Rule of
Federal Procedure 9(b), as made applicable to this adversary
proceeding by Federal Rule of Bankruptcy Procedure 7009, to require
that the complaint (1) specify the fraudulent representations;
(2) specify the representations were false when made; (3) identify
the speaker; (4) state when and where the statements were made; and
(5) state the manner in which the representations were false and
misleading. *Decker v. GlenFed Inc.*, (*In re Glenfed, Inc. Sec.
Litig.*), 42 F.3d 1541, 1547 n.7 (9th Cir. 1994) (*en banc*),
superseded by statute on other grounds as stated in *In re Silicon
Graphics, Inc.*, 970 F. Supp. 746, 754 (N.D. Cal. 1997); *Lancaster
Cmty. Hosp. v. Antelope ValleyHosp. Dist.*, 940 F.2d 397,405 (9th
Cir. 1991); *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103-04 (9th
Cir. 2003).  This is consistent with common law fraud in

15

California. *Seeger v. Odell*, 18 C.2d 409 (1941), and *Manderville v. PCG&S Group*, 146 Cal. App. 4th 1486 (2007). Merely because a dispute exists between the parties does not support a claim for fraud. The Plaintiff must at least plead more to survive a motion to dismiss.

A fraud claim is subject to the additional pleading requirements of Fed. R. Civ. P. 8(b) and Fed. R. Bankr. P. 7008. The Plaintiff may not merely recite the statutory elements for fraud, but must plead a plausible case based on the alleged facts in this case.

Plaintiff's fraud argument is similar to the first amended complaint and is similarly flawed. The Plaintiff alleges that Defendants committed fraud in securitizing his note. It is contended, without support, that any potential subsequent sale or transfer of the Note (an instrument, and likely a negotiable instrument) must have been first disclosed to the Plaintiff prior to his borrowing the money from BOA. No legal basis for this contention has been presented to the court. More significant to the court is that the Debtor never alleges that he intended to be part of a further transaction concerning the potential sale or transfer of the Note. The only transaction between the Plaintiff and BOA was the Plaintiff obtaining loan proceeds from the Bank. The Debtor obtained a loan and had set terms by which he had to repay the obligation. Irrespective of what further transactions occurred with the Note, the Plaintiff's obligations and rights would did not change.

Plaintiff further alleges that this securitization somehow stripped off the security interest. As to the first allegation,

1   Plaintiff fails to state how having his note sold or transferred to
2   the GSR Trust caused him any harm or what fraud was committed to
3   this Plaintiff. If there is no harm, there is no relief that the
4   court can grant. It is not alleged that any of the Plaintiff's
5   rights and obligations under the Note were altered.  Again, any
6   fraud claim in relation to the UCL (California Unfair Competition
7   Law) also requires that Plaintiff suffer an actual injury.
8   California Business and Professions Code § 17204, *Kwikset Corp. v.*
9   *Superior Court*, 51 Cal. 4th 310 (2011).

10      The SAC fails to state with particularity the circumstances or
11   facts showing the misrepresentations that resulted in harm or
12   injury to him.  Again, with limited exception, all of the conduct
13   of the Defendants complained about arose after the Plaintiff
14   obtained the monies he wanted from BOA through the loan.  Though
15   the Plaintiff received everything he was entitled to receive from
16   the loan (the money), Plaintiff believes that because of subsequent
17   financial transactions involving the Note were entered into by BOA
18   and others, any obligation to Plaintiff on the Note were
19   extinguished.  The SAC still does not allege any claim or grounds
20   by which the Note, the negotiable instrument, has been destroyed.
21   Whoever the owner of the Note may be, the Plaintiff still has the
22   obligation to pay under the note, and this obligation did not
23   change through these subsequent transactions.  No harm or injury to
24   the Plaintiff has been pled as to the conduct of the Defendants in
25   these transactions.

26      As such, Plaintiff's claim for fraud is dismissed without
27   prejudice and without leave to amend.
28   ///

17

1

## C. **Wrongful Foreclosure/Tender**

2   A plaintiff cannot challenge a foreclosure proceeding (whether

3   it is pending or has already occurred) without first credibly

4   alleging tender. *Karlsen v. American Savings and Loan Assoc.*,

5   15 Cal. App. 3d 112, 117-18 (1971); *FPCI RE-HAB 01 v. E & G*

6   *Investments, Ltd.*, 207 Cal. App. 3d 1018, 1021 (1989). A valid and

7   viable offer of tender means that it is made in good faith, the

8   party making the tender has the ability to perform, and the tender

9   is unconditional. *See,* MILLER & STARR, CALIFORNIA REAL ESTATE, §§

10  1493-1495 (3d ed. 1989). A failure to allege such tender makes the

11  claim deficient on its face. *Alicea v. GE Money Bank*, 2009 WL

12  2136969 (N.D. Cal. 2009). However, the requirement of tender may

13  be waived. *Standley v. KNAPE*, 113 Cal. App. 91, 102 (1031);

14  *Humboldt sav. Bank v. McCleverty*, 161 Cal. 285, 291 (1911); and

15  MILLER & STARR, CALIFORNIA REAL ESTATE 1 § 10:212 (3d ed.).

16  First, Plaintiff states in the SAC that there was an offer of

17  tender for the purchase of the Property, but does not state the

18  circumstances of such an offer. 2d Amend. Complaint P 29. Then,

19  Plaintiff argues that tender is inapplicable because Defendants'

20  "bad faith and unclean hands conduct" precludes relief of imposing

21  tender. 2d Amend. Complaint P 61. Further, Plaintiff argues in

22  his response that tender may not be required where it "would be

23  inequitable to require tender." Opposition P 10.

24  Essentially, to the extent Plaintiff properly allege that the

25  foreclosure was procured through fraud or that the sale is void as

26  defective, then he is not required to tender. As Plaintiff has

27  failed to properly allege in the amended complaint that the

28  foreclosure was procured through fraud, as described above, this

**18**

1  claim for relief is dismissed, without prejudice.

2       Even if the fraud claim was properly pled, the amended
3  complaint fails to describe how the deed of trust has become
4  invalid.  The complaint attacks the assignment of the trust deed
5  and therefore concludes that the trust deed itself is now invalid.
6  No discussion of specific facts that lead to this novel legal
7  conclusion is offered. Further, no specific facts regarding the
8  attempt to tender are set forth in the complaint.  The Complaint is
9  deficient on its face and must be denied.

10      As such, Plaintiff's Third Cause of Action for Wrongful
11 Foreclosure is dismissed without prejudice and without leave to
12 amend.

13      **D. Rescission of Contract**

14      The claim for rescission of contract in Count IV of the SAC
15 includes a number of assertions.  The Plaintiff argues there was no
16 mutual assent between the mortgagor and mortgagee when the
17 agreement was first signed because Defendant BOA, the initial
18 lender, immediately sold the loan after the transaction and
19 converted it into certificates.  Plaintiff had no knowledge of the
20 various intermediaries involved in this process.  Plaintiff claims
21 that BOA induced Plaintiff to accept the funds for the loan by
22 making him believe BOA was providing the funds.  This is alleged to
23 have created an illusory contract which did not identify the proper
24 parties, terms and conditions, obligations of the parties and
25 created the absence of mutual assent from which Plaintiff can
26 rescind the contract.

27      However, it is not contended that the Plaintiff did not borrow
28 the money on the terms as provided in the note.  Plaintiff asserts

19

1  that he should be allowed to rescind the Note and Deed of Trust
2  because the Note was negotiated or transferred.    This is the
3  hallmark of negotiable instruments under the Commercial Code.
4  Plaintiff further asserts that he should know who all of the
5  investors were who may have provided money to BOA to fund his loan.

6       For all of the creative gyrations in attempting to assert a
7  right of rescission, the Plaintiff fails to state grounds under
8  which the court may order the remedy of rescission.  No matter how
9  he twists and turns in attempting to attack his loan, he borrowed
10 money from BOA, obtained the money he desired, and was obligated to
11 repay the debt on the terms as provided in the Note.

12      The Fourth Cause of Action for Rescission of Contract is
13 denied without prejudice and without leave to amend.

14 **E. Additional Requests**

15      Plaintiff rehashes some of the arguments that the Court
16 previously dismissed in the First Amended Complaint, but does not
17 include them in clear claims of action as before.  These claims are
18 included in counts which do necessarily address them on their face.

19      Plaintiff claims breach of contract because of the violations
20 of consumer protection laws.  The standard elements for a breach of
21 contract claim are "(1) the contract, (2) plaintiff's performance
22 or  excuse  for  nonperformance,  (3)  defendant's  breach,  and
23 (4) damage to plaintiff therefrom."  *Wall Street Network, Ltd. v.*
24 *New York Times Co.*, 164 Cal. App. 4th 1171 (2008).  If this is what
25 Plaintiff meant to claim, it fails on its face for a number of
26 reasons.  As discussed above, Plaintiff failed to perform on the
27 contract - he stopped paying on the note and provides no reason why
28 this nonperformance should be excused.  Further, Plaintiff has not

pled any damages flowing from the alleged breach of contract. Thus, the claim for breach of contract is dismissed without prejudice and without leave to amend.

Plaintiff also alleges violations of the Real Estate Settlement Procedures Act (RESPA) as Defendants failed to disclose accounting documentation to Plaintiff. From this amended complaint, it is still difficult to tell what harm Plaintiff suffered as a result of not obtaining a full accounting, as stated in the FAC. As there are no new allegations of harm, this claim is dismissed without prejudice and without leave to amend.

Plaintiff claims Defendants were involved in deceptive business practices in violation of consumer protection laws including Unlawful Competition Law Bus. Professional Code § 17200. The 2004 Amendments to the UCL specifically require that the Plaintiff have suffered an actual injury. Cal. Bus. & Prof. Code § 17204. The allegations stated in the SAC do not show the harm caused by the Defendants and how it resulted in actual injury to the Plaintiff. As such, this claim is dismissed without prejudice and without leave to amend.

## ABSTENTION

In granting broad federal court jurisdiction for arising under, arising in, and related to proceedings, Congress also granted this court the authority to abstain from hearing a matter in the interests of justice or comity, or respect for state law. 28 U.S.C. § 1334(c)(1). A decision to abstain is not reviewable on appeal under 28 U.S.C. §§ 158(d), 1291, 1292, or 1254.

In ruling on the motion to dismiss the FAC, the court specifically addressed the issue of abstention and directed the

Plaintiff to address that issue if he filed a second amended complaint. Memorandum Opinion and Decision, Dckt. 141.   The Plaintiff's opposition to the present Motion fails to address this fundamental issue of federal court jurisdiction for related to bankruptcy proceedings.   While using a heading called "Jurisdiction" in his opposition, it merely makes reference to 28 U.S.C. § 157 and contains a number of factual allegations as to the alleged improper conduct of BOA.

The SAC continues the Plaintiff's theme that great social wrongs have been done which he will vindicate through this Adversary Proceeding.   These arguments make it crystal clear that this Adversary Proceeding has nothing to do with the Chapter 7 bankruptcy case, any of the Plaintiff's rights as a Chapter 7 debtor, or the administration of the bankruptcy case.

The Plaintiff fails to provide the court with any substantial arguments as to why his litigation of state and non-bankruptcy issues should be tried in this specialized court rather than properly in either the state court or district court, each being courts of general jurisdiction.   Though bankruptcy courts regularly preside over matters arising under state law, such is done to further the purposes of the Bankruptcy Code and statutory scheme providing for debtors and creditors enacted by Congress.

In the present case, it is appropriate for the court to abstain from determining the state law and non-bankruptcy federal law issues raised and referenced by the Plaintiff.   All of his issues and claims can, and should, be properly resolved in the appropriate state or district court.   The bankruptcy court must be cognizant of the broad reach of 28 U.S.C. § 1334 jurisdiction, the

special role of the bankruptcy court, and the exercise of that jurisdiction as necessary and appropriate to enforce the Bankruptcy Code.

Though the parties have not asserted abstention for this Adversary Proceeding, the court shall issue an order to show cause why it does not abstain from further proceedings in this court in favor of the Plaintiff bringing any claims in the state court or district court.

**CONCLUSION**

The Motion to Dismiss the Second Amended Complaint is granted and the case is dismissed without prejudice with respect to each and every claim stated therein against each and every Defendant. The dismissal is without prejudice and without leave to amend.

This Memorandum Opinion and Decision constitutes the court's findings of fact and conclusions of law. A separate order consistent with this ruling shall be issued by the court.

Dated: December 6 , 2011

RONALD H. SARGIS, Judge
United States Bankruptcy Court

This document does not constitute a certificate of service.  The parties listed below will be served
a separate copy of the attached document(s).

Walter Pineda
22550 Bennett Rd
Sonora, CA 95370

Tracy Talbot
2 Embarcadero Center #1410
San Francisco, CA 94111

Wayne Rash
1231 E Dyer Rd #100
Santa Ana, CA 92705

Stuart Price
3161 Michelson Dr, Ste 1500
Irvine, CA 92612

Gary Farrar
PO Box 576097
Modesto, CA 95357

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street , Room 7-500
Sacramento, CA 95814